[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed from an assessment of damages made by the defendant for a temporary easement acquired by the defendant over a portion of their property in the Town of Windsor as shown on a map entitled. "Town of Windsor Map Showing Land Acquired From Anthony R. Cicero et al by The State of Connecticut Interstate Route 91 (Limited Access Highway) Scale 1" = 40' Aug. 1986 Robert W. Gubala Transportation Chief Engineer Bureau of Highways." A copy of the map was introduced into evidence as Exhibit A. The plaintiffs' property and the portion taken for a temporary easement were described in the complaint.
The parties stipulated that the date of the taking was May 23, 1989 and that the temporary easement was released on November 11, 1989. The defendant took a temporary work easement for the removal of tanks and a canopy within an area of 0.107 of an acre, more or less, and a right to grade within an area of 0.024 of an acre, more or less. Damages as assessed by the defendant in the sum of $1,865 were deposited with the clerk of the Superior Court on May 23, 1989, and withdrawn by the plaintiffs. CT Page 10078
The defendant had taken a portion of the plaintiffs' property consisting of 0.280 of an acre, more or less, in connection with the widening of I-91 and Bloomfield Avenue. This take was on February 24, 1989, and resulted in another appeal. See No. CV-89-0359383, Anthony R. Cicero, et al v. Commissioner of Transportation, Superior Court Judicial District of Hartford-New Britain at Hartford, Memorandum of Decision dated September 25, 1991. The taking of the temporary easement and right to grade which has resulted in this appeal concern land of the plaintiffs' which abuts the previous take. The tanks and the canopy were compensated for in the other appeal between the same parties.
The subject property was fully described in the Memorandum of Decision dated September 25, 1991, and that description will not be repeated here.
John Farrell, Jr., a qualified real estate appraiser, was called as an expert witness by the plaintiffs. Farrell used comparable sales to arrive at a fair market value of the plaintiffs' property prior to the taking of the temporary easement and right to grade. He deducted from that value the value of the plaintiffs' property after the take to arrive at the value of the easement areas. Because the work of removing the tanks and canopy and grading was accomplished in about six months, after which the temporary easement and right to grade terminated, Farrell concluded that the damages resulting from the temporary take were established by estimating the amount of rent which could be expected for the area for six months. He used 15% per annum, a return higher than the prime rate, to compute damages for the six months duration of the take. He calculated damages as $3,500.
Ann Marie Maynard, a qualified real estate appraiser, was called as an expert witness by the defendant. She used the comparable sales method to arrive at a fair market value for subject property. She computed the value of the temporary easement area and estimated that a 10% per annum rate of return was commercially reasonable. She calculated damages for the six months period of the temporary easement as $1,865.
The two appraisers used substantially the same method for calculating damages. They differed in their opinions as to fair market value, the rate of return and in some respects as to the area involved.
The determination of the value of property depends finally upon the considered judgment of the referee. After having seen the property, and having given due consideration to the testimony of the witnesses and all of the evidence, and relying CT Page 10079 upon my own knowledge of the elements establishing value, I conclude that the damages as assessed by the defendant were fair and reasonable. Accordingly, the appeal is dismissed and judgment may enter for the defendant.
GEORGE D. STOUGHTON STATE TRIAL REFEREE